UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKUA DONKOR,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>WEILL CORNELL MEDICAL COLLEGE,<br><br>　　　　　　　　Defendant. | Case No.: 23-CV-00369<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

　　Plaintiff Akua Donkor, ("Plaintiff") by and through her attorneys, Danny Grace PLLC, as and for her Complaint in this action against, ("Defendant") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

　　1.　This is an action for declaratory, injunctive, equitable relief, as well as monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including discriminatory and retaliatory treatment of Plaintiff in violation the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §§12101 et. Seq. ("ADA"); the New York State Human Rights Law, New York Executive Law §§ 290 et. Seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§8-101et. seq. ("NYCHRL").

　　2.　Defendant, its owners, managers, and employees intentionally, unlawfully and recklessly treated Plaintiff in a discriminatory manner based on her disability.

1

3. After Plaintiff complained about such unlawful treatment and asserted her rights under the A.D.A., NYSHRL and NYCHRL, Defendant retaliated and terminated Plaintiff absent any other cause.

4. Defendant's conduct was knowing, malicious, willful, and wanton and showed a reckless disregard for Plaintiff, which has caused and continues to cause economic and non-economic damages, and severe mental anguish and distress.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under ADA pursuant to 42 U.S.C. §§ 12101 et. Seq.

6. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367 (a).7.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendants are headquartered in this district, and Defendants regularly transact business in the State of New York and the Southern District of New York.

## PROCEDURAL REQUIREMENTS

9. Prior to the commencement of this action, Plaintiff filed a verified charge to the Equal Employment Opportunity Commission ("EEOC") (September 22, 2022), charging Defendant with unlawful discrimination in relation to Plaintiff's employment and arising out of the same facts alleged herein.

10. Plaintiff received a Right to Sue letter from the EEOC on December 19, 2022.

11. Contemporaneous with the commencement of this action, a copy of this Complaint was served on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of §§ 8-502 of the New York City Administrative Code.

12. Plaintiff forwarded a copy of the Complaint to the Attorney General of the State of New York in accordance with NYLL § 215(2).

13. This Complaint has been filed within 90 days of Plaintiff's receipt of Right to Sue letter.

14. Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

15. Plaintiff is a former employee of Defendant and resides in and is a citizen of the State of New York.

16. At all relevant times, Plaintiff met and meets the definition of an employee and a qualified individual with a disability under applicable laws.

17. Plaintiff was hired by Defendant on or about February 8, 2021, and remained employed full-time until her unlawful termination on or about February 24, 2022.

18. 18. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

19. 19. Defendant Weill Cornell Medical College ("Weill Cornell") is a learning institution providing education in the practice and research of medicine.

20. 20. Defendant maintains its principal place of business at 1300 York Avenue, New York, New York 10065.

21. 21. At all relevant times, Defendant was Plaintiff's direct employer.

22.    22.    At all relevant times, Defendant met the definitions of "employer" under all applicable statutes.

## FACTUAL STATEMENT

23.    23.    Ms. Donkor began her employment with Weill Cornell on February 8, 2021, as a Research Technician. During her employment, she consistently met all expectations set of her, and she committed herself to her work and the development of her skills.

24.    24.    Despite her consistent service and exemplary work performance, Weill Cornell, by and through the actions of her direct supervisor, Elisabeth Nyakatura, violated Ms. Donkor's constitutional rights, subjecting her to workplace discrimination and retaliation in violation of the ADA, the NYSHRL, and the NYCHRL.

25.    25.    Early in her employment she notified Weill Cornell and her supervisor, Ms. Nyakatura, that she had ADHD, which effects general organizational and executive function capabilities and constitutes a disability under the ADA. While ADHD is an umbrella disorder, specifically Plaintiff struggles with dyscalculia and dyslexia. Notwithstanding this disability, she was able to perform the essential functions of her job with or without accommodations.

26.    In the initial meetings that she had with Ms. Nyakatura, she asked for resources to help her get a better understanding of what kind of work the company was doing, so that she could better understand her new role. At that time, Ms. Nyakatura responded only that she wanted her to work towards independence and provided two papers on general antibody function.

27.    26.    Although the Plaintiff was working in an entry level position, which was intended to operate with guidance from a supervisor, she did her best to work "independently", as Ms. Nyakatura suggested.

28. She would try to find resources on her own, so as to help her progress, even going so far as to try to access Weill Cornell's database for resources. However, she was unable to gain entry into the system.

29. She sought the help of IT and a different supervisor who worked for an adjacent department, but still could not access the system. This other supervisor personally taught her most of the functions that she performed in her role as Ms. Nyakatura's subordinate, whereas Ms. Nyakatura never walked her through a single protocol.

30. 27. On or around September 27, 2021, Ms. Nyakatura and the Plaintiff had a one-on-one meeting to discuss a miscommunication regarding scheduling and the timing of lunch breaks. Instead of handling the meeting in a professional matter, Ms. Nyakatura took the chance to belittle and berate her productivity and ability to perform her job duties, identifying the very issues Ms. Nyakatura knew the Plaintiff struggled with (and continuously asked for guidance on) based on her having ADHD.

31. Plaintiff explained that any issues with independence in her work was because she was not receiving the guidance she needed from Ms. Nyakatura, specifically her need for more foundation and training that Ms. Nyakatura was not providing. Instead of considering her requests, Ms. Nyakatura took the request as a personal attack.

32. 28. The next day, on September 28, 2021, the Plaintiff asked for a meeting with Paul Balderes, Senior Director Biologics Discovery, to bring her concerns to his attention. The Plaintiff told Mr. Balderes that Ms. Nyakatura was targeting her and treating her unfairly based on her requests for a schedule reflective of her peers and involving more involved supervision.

33. Additionally, she told Mr. Balderes that she felt uncomfortable following-up with her concerns with Ms. Nyakatura because she feared that her concerns would be used against her.

Notwithstanding these complaints, Ms. Nyakatura continued to be her main supervisor and main point of contact in her job up to the time of her unlawful termination.

34.     29.     Since the miscommunication regarding overtime and the timing of lunch breaks was not yet resolved, Mr. Balderes, Ms. Nyakatura, and the Plaintiff met on October 13, 2021. At the end of that meeting, Ms. Nyakatura sent her an email with the policy regarding the parameters for employee lunchbreaks, to which the Plaintiff responded "thank you for this, I will reschedule my two 15-minute coffee and lunch breaks accordingly."

35.     30.     However, her concerns of retaliation were realized only a week later when Ms. Nyakatura scheduled a meeting with Human Resources ("HR") to initiate her into a Performance Improvement Plan ("PIP"). As to the purported reason for the PIP, Ms. Nyakatura cited her purported weak communication skills and scientific understanding.

36.     During this meeting with HR, the Plaintiff again voiced her concerns that she was being retaliated against. She explained that she was not being provided with adequate training. This being despite the fact that the Plaintiff's supervisor knew that she had a learning disability, and after discussing with her the types of accommodations and materials that would benefit her job performance. Further, Plaintiff told HR that Ms. Nyakatura failed to provide even the most basic guidance needed for her role as a technician.

37.     31.     As a result of these complaints, sometime between October 21 and November 19, 2021, Plaintiff met with employee relations and voiced the same concerns regarding Ms. Nyakatura, including that she believed that she was being targeted and treated negatively because of the requests that she had made for accommodations for her learning disability.

38.     She also complained that she felt the PIP process utilized by the Company left subordinates entirely unprotected to the whims of their supervisors who were apparently not

required to have any legitimate documentation or a record of offenses before initiating a PIP proceeding in order to get someone fired.

39. Plaintiff was told, essentially, that there was nothing that could be done, and that she would not succeed if she wished to take action against her supervisor.

40. 32. Notwithstanding her complaints, a meeting was held on November 19, 2021, to initiate the PIP. During this meeting, the representative from HR told her that she was being "argumentative" and that she would not have the opportunity to advocate for herself.

41. During the course of the PIP, Ms. Nyakatura and Plaintiff met for biweekly PIP meetings during which Plaintiff would receive her instructions for the week. However, Ms. Nyakatura continued to otherwise ignore her in the lab and over email, offering very little guidance, instruction, and interaction. Conversely, she gave her counterparts who were not suffering from a disability more attention, guidance, and opportunities to gain experience.

42. 33. On or about February 11, 2022, during one of the PIP meetings between Ms. Nyakatura and Plaintiff, Plaintiff again voiced her concerns that her complaints of bias were not being taken seriously. Specifically, she expressed her concern that Ms. Nyakatura continued to dismiss her requests for guidance and treated her differently from her colleagues.

43. None of her complaints during this meeting, or during any prior meeting, were ever addressed by Ms. Nyakatura, Mr. Balderes, or HR as required by law. Instead, two-weeks later on February 24, 2022, Plaintiff was notified that she was terminated from her position, effective immediately.

44. 34. Her termination by Weill Cornell constitutes a violation of the ADA, NYSHRL, and NYCHRL, which expressly prohibit covered employers from retaliating and

7

terminating an employee who requests a reasonable accommodation or makes protected complaints in opposition to discrimination they are experiencing because of their disability.

45. At all relevant times, Weill Cornell was aware of her disability, namely her ADHD, as well as the requests that she made for specific materials and guidance to address that disability. Weill Cornell was obligated to perform, at the very least, an interactive dialogue as required by the law.

46. Instead of addressing her many complaints, Weill Cornell put her on a PIP, without any supporting grounds, and shortly thereafter terminated her.

47. Additionally, the temporal proximity between her several protected complaints and her termination undeniably shows a causal connection between her protected activity and the adverse employment action taken against her.

48. The actions of Weill Cornell constitute retaliation under the ADA, NYSHRL, and NYCHRL.

49. This Complaint ensues.

**FIRST CAUSE OF ACTION**
**(Discrimination in Violation of the ADA)**

50. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

51. Defendant is subject to the ADA as an employer with an excess of 15 employees.

52. Plaintiff was disabled within the meaning of the ADA and was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation.

53. Plaintiff suffered adverse employment actions by being subjected to a hostile work environment and discrimination, and was ultimately terminated based on her disability.

54. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

55. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

56. Defendant's unlawful and discriminatory conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
**(Retaliation in violation of the ADA)**

57. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

58. Plaintiff participated in a protected activity by requesting a reasonable accommodation for her disability, and Defendant was aware of this request, as well as her disability.

59. Plaintiff was subjected to a hostile work environment, and then terminated from her employment with Plaintiff, and there exists a causal connection between the adverse employment action and her protected requests.

60. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

61. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

62. Defendant's unlawful and retaliatory conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)

63. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

64. Defendant discriminated against Plaintiff on the basis of her disability by, inter alia, terminating her employment with Defendant.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

66. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYSHRL, Plaintiff has suffered and continues to suffer severe mental and anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

67. Defendants' unlawful and discriminatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FOURTH CAUSE OF ACTION

**(Retaliation in Violation of the NYSHRL)**

68. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

69. Requesting a reasonable accommodation in the workplace for a disability constitutes a protected activity as defined in the NYSHRL.

70. Defendant retaliated against Plaintiff in violation of the NYSHRL by, inter alia, terminating Plaintiff because of her protected activities.

71. As a direct and proximate results of Defendant's unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

72. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

73. Defendants' unlawful and retaliatory conduct in violation of the NYSHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

74. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

75. Defendant discriminated against Plaintiff on the basis of her disability by, inter alia, terminating Plaintiff.

76. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages.

77. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

78. Defendant's unlawful and discriminatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of the NYCHRL)

79. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

80. Requesting a reasonable accommodation in the workplace for a disability constitutes a protected activity as defined in the NYCHRL.

81. Defendant retaliated against Plaintiff in violation of the NYCHRL by, inter alia, terminating Plaintiff because of her protected activities.

82. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of monetary damages.

83. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and physical illness and injury, for which she is entitled to an award of monetary damages and other relief.

84. Defendant's unlawful and retaliatory conduct in violation of the NYCHRL was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the ADA, NYSHRL, and NYCHRL;

B. An order directing Defendant to place Plaintiff in the position she would have occupied but for Defendants' discriminatory and/or otherwise unlawful conduct, as well as to take such affirmative action, including reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to the loss of pass and future income, wages, compensation, job security and other benefits of employment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem self-confidence and personal dignity, emotional pain and suffering and any other physical or mental injuries;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputation and loss of career fulfillment;

F. An award of punitive damages, pursuant to ADA, NYSHRL and NYCHRL, in an amount to be determined at trial;

G. An award of damages for any and all other monetary and/or non-monetary damages losses suffered by Plaintiff an amount to be determined at trial, plus prejudgment interest;

H.     An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees and costs to the fullest extent permitted by the law; and

I.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff herein demands a trial by jury as to all issues so triable.

Dated: January 4, 2023
         New York, New York                    Respectfully submitted,

                                               DANNY GRACE PLLC
                                               *ATTORNEYS FOR PLAINTIFF*

                                               225 BROADWAY, SUITE 1200
                                               NEW YORK, NY 10007
                                               (516) 748-9848


                                               _____/S/_____
                                               DANIEL GRACE, ESQ.
                                               DOUGLAS MACE, ESQ.